UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MICHAEL BASHARA,

    Petitioner,

v.                                 CASE NO. 2:19-CV-11514
                                   HONORABLE SEAN F. COX

LEE MCROBERTS,

    Respondent.
_____/

**<ins>OPINION AND ORDER DISMISSING AS MOOT
THE PETITION FOR A WRIT OF HABEAS CORPUS</ins>**

Michigan prisoner Robert Michael Bashara ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Wayne County Circuit Court convictions for first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a), conspiracy to commit first-degree murder, §§ 750.316(1)(a), 750.157a(a), solicitation to commit murder, § 750.157b(2), obstruction of justice, § 750.505a, and witness intimidation, § 750.122(7)(b). Petitioner was sentenced to concurrent terms of life imprisonment without the possibility of parole, 18 to 40 years imprisonment, two to 10 years imprisonment, and one to five years imprisonment on those convictions in 2015.

The matter is currently before the Court because Petitioner has died. *See* https://www.freep.com/story/news/local/michigan/wayne/2020/08/18/bob-bashara-dead-murder-trial/ 3394847001/. The Michigan Department of Corrections Offender Tracking Information System ("OTIS") indicates that Petitioner was discharged from custody on August 17, 2020. *See*

Petitioner's Offender Profile, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=856261.

A prisoner's death during the pendency of his habeas petition renders his habeas action moot. *See Claiborne v. United States*, 551 U.S. 87 (2007) (per curiam opinion vacating circuit court judgment as moot due to death of petitioner); *McMann v. Ross*, 396 U.S. 118 (1969); *Beach v. Humphries*, 914 F.2d 1494 (table), 1990 WL 140574, *1 (6th Cir. Sept. 21, 1990); *accord Griffey v. Lindsey*, 349 F.3d 1157 (9th Cir. 2003); *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998); *Knapp v. Baker*, 509 F.2d 922, 922 (5th Cir. 1975). Because Petitioner has died, the Court concludes that his habeas claims and this case have been rendered moot. Accordingly, the Court **DISMISSES** as moot the petition for a writ of habeas corpus. The Court also **DENIES** a certificate of appealability as jurists of reason could not debate the correctness of this procedural ruling. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). This case is closed.

**IT IS SO ORDERED**.

s/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated: August 20, 2020